**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| ROGER A. LIBBY,<br><br>*Plaintiff*,<br><br>v.<br><br>ERIC J. LIBBY,<br><br>*Defendant*. | ) | No. 2:25-cv-00080-JMD |

**Memorandum and Order in Response to Request for Writ of Execution and Motion to Allow Credit Bid at Execution Sale**

Roger A. Libby files a request for a writ of execution, seeking to direct the U.S. Marshals to seize property from his brother Eric J. Libby, to enforce a default judgment this Court entered on June 15, 2026. He also files a "motion to allow 'credit bid' at Execution Sale" that would allow him to bid on Eric's property using the judgment (up to the judgment amount), rather than paying cash. However, Libby has not filed some of the documents typically required by this Court, and the documents he does file contain errors. Libby has filed the Writ of Execution and the U.S. Marshal Form 285. However, he has not filed the Notice of Execution, nor has he filed the Summons to Garnishee. Libby has also not filed the Interrogatories Directed to Garnishee, which is also often required.

In the Writ of Execution that Libby filed, he makes two errors. First, he writes that the Writ is returnable "90 days after issuance." ECF 28 at 3. However, Libby must provide a specific date, not merely a number of days. The specific date must be within 30 and 180 days after the Writ is issued. This date cannot fall on a weekend or a holiday. Second, Libby writes the post-judgment interest rate for his damages as 4.09%. The Court is not certain how Libby arrived at that number. 28 U.S.C. § 1961(a) provides the method for determining

the post-judgment interest rate for a judgment. Because the Court issued the default judgment on June 15, 2026, the Court believes that the proper post-judgment interest rate is 3.87%. If Libby disagrees, he must explain why in an additional filing.

Libby's "motion to allow 'credit bid' at Execution Sale" also suffers from a defect. Libby has not shown that so-called "credit bids" require Court authorization. To the contrary, credit bids appear to be accepted without complication at Missouri execution sales. *See* Fed. R. Civ. P. 69(a)(1) (explaining that state procedures govern execution sales in the absence of applicable federal law); *Nangle v. Brockman*, 487 S.W.3d 29, 31 (Mo. Ct. App. 2016) (describing credit bids placed at a Missouri execution sale); 30 Am. Jur. 2d Executions, Etc. § 343 (explaining that one exception to the general ban on using credit at execution sales is that "a judgment creditor may bid on and purchase property at a sheriff's sale by applying the judgment debt toward the purchase price"). Libby need not seek permission for an action if the law already permits it.

**IT IS HEREBY ORDERED** that the Clerk of the Court shall cause a copy of this order to be sent to plaintiff. **IT IS FURTHER ORDERED** that the Clerk of the Court shall also mail Plaintiff a copy of the Eastern District of Missouri's forms for the Notice of Execution, Writ of Execution, Summons to Garnishee, and the Interrogatories to Garnishee, as well as the U.S. Marshal Form 285. ECF 28. **IT IS FURTHER ORDERED** that Plaintiff's "motion to allow 'credit bid' at Execution Sale" is **DENIED**. ECF 29.

Dated this 28th day of September, 2026

JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE
FOR THE EASTERN AND WESTERN
DISTRICTS OF MISSOURI